IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

CARROL D. ROBERSON                                                   PLAINTIFF

VS.                                      CIVIL ACTION NO. 3:14CV00168-NBB-JMV

MCDONALD TRANSIT AND ASSOCIATES, INC., ET AL.          DEFENDANTS

**ORDER**

     Before the Court is Plaintiff's Motion to Compel [74] certain discovery. The Court has thoroughly considered the submissions of the parties and the applicable law and, having conducted a telephonic hearing on October 21, 2015, the Court finds the motion should be granted in part and denied in part for the reasons that follow.

     Plaintiff filed the instant motion to compel August 26, 2015. The discovery period in this case closed August 14, 2015, however, and the trial is scheduled to begin December 7, 2015. Despite these considerations–which would substantiate a denial of the motion in most cases–the Court finds justice will be better served by addressing the substance of the motion, in view of the nature of the motion and the history of this case.

     The following discovery requests are the subject of the plaintiff's motion to compel:

     REQUEST NO. 1: Please provide a true and correct copy of the OUT audio/video bus recordings depicting the incident which occurred on July 30, 2013, at approximately 1200 hours at or near the OUT bus shelter on Union Drive across from the ROTC building. The bus is the Red Line and it was driven by Calvin Hill (a copy of the complaint submitted to McDonald Transit is attached hereto).

     RESPONSE: The "complaint" referred to in Request No. 1 was not attached. However, the recording requested does not exist because the equipment was not

working at the time of the incident.

By way of his motion to compel, the plaintiff now seeks the physical cartridge and camera equipment associated with the alleged 7/30/15 incident. But, as the defendants correctly point out, the plaintiff did not previously request the cartridge and equipment but, instead, only a copy of the video depicting the subject incident. Because it was not previously requested, the cartridge and physical camera are not properly the subject of a motion to compel, and the request for the same, coming after the close of discovery is untimely.

> REQUEST NO. 4: ALL DOCUMENTS in the possession or control of Defendant which relate to complaints submitted to Defendant by the Plaintiff.[1]
>
> RESPONSE: Objection based on relevance, failure to limit scope and time, attorney/client privilege, attorney work product and material prepared in anticipation of litigation. Defendant also objects to this request to the extent it seeks to discover information or materials that may be, and are, equally – or more – accessible to Plaintiff. Without waiver, see attached documents bates numbered 0001-0033.

Plaintiff complains that Defendant McDonald Transit's response above is inadequate because it did not produce all audio/video recordings related to complaints submitted to said defendant by the plaintiff. The Court agrees with the plaintiff.

In their response to plaintiff's motion to compel, defendants represented to the Court that the subject discovery request did not encompass audio/video recordings, only "DOCUMENTS." However, upon the Court's own inquiry into the matter–by way of requesting from Plaintiff

---

[1] Subsequently, Defendant McDonald Transit supplemented with documents which it contends show that the hard drive for the video recording system was sent back to the manufacturer and the manufacturer was unable to retrieve the requested video.

complete copies of his discovery requests–the Court determined defendants' representation is indeed not accurate, as the definition section of the plaintiff's discovery requests specifically defines documents as including electronic recordings, computer hard drives, computer files, audio tapes, and videotapes, among other items. During the hearing on this matter, counsel for defendants provided neither a satisfactory explanation for failure to produce audio/video recordings responsive to plaintiff's discovery requests nor an explanation for the gross misrepresentation to the Court.

As a related issue, the Court is also disturbed by the fact that during a settlement conference held October 7, 2015, defendants, for the first time, disclosed a University Police Department incident report related to the subject July 30, 2013 incident; and, during the telephonic hearing on the instant motion, their counsel announced that defendants have recently discovered cell phone video footage related to that incident. All of this information is responsive to the plaintiff's discovery requests, and defendants could not provide an acceptable explanation for its late disclosure.

In view of the foregoing findings, it is ORDERED that within ten (10) days of this date, defendants shall produce *all* documents responsive to Request No. 4 above (as limited by the plaintiff's motion to compel with respect to audio/video recordings), including, but not limited to, audio/video records and insurance claim documents. However, if a continuance of the current trial setting is granted in this case, defendants shall have thirty (30) days from this date to produce this discovery. If defendants withhold any document under a claim that it is privileged, defendants shall within the applicable time frame (either 10 or 30 days from this date) produce the document(s) to the undersigned for *in camera* inspection.

Finally, to the extent the plaintiff attempted to supplement the instant motion to compel by raising issues in his Supplement [98] that were not the subject of the original motion, that portion of the motion is denied as untimely filed.

This 21st day of October, 2015.

/s/ Jane M. Virden
U. S. MAGISTRATE JUDGE